**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1773 |
| v. | (JUDGE CAPUTO) |
| MID-ATLANTIC YOUTH SERVICES CORP. and ROBERT J. POWELL, | |
| Defendants, | |

## MEMORANDUM

Presently before the Court are the Cross-Motions for Judgment on the Pleadings filed by Plaintiff Colony Insurance Company and Defendant Mid-Atlantic Youth Services Corp. ("MAYS"). For the reasons discussed more fully below, Plaintiff's motion will be granted and Defendant's motion will be denied.

## BACKGROUND

In the instant case, Plaintiff Colony Insurance Company ("Colony") has filed a Complaint seeking a declaration that it does not owe MAYS or Defendant Robert J. Powell a duty to defend them in an underlying civil litigation against them (Count I), nor does it owe a duty to indemnify Defendants in the underlying civil litigation (Count II).

**A. The Underlying Case**

The instant suit arises out of the following cases filed in the Middle District of Pennsylvania: *Wallace v. Powell*, No. 3:09-cv-0286, *Conway v. Conahan*, No. 3:09-cv-0291, *H.T. v. Ciavarella*, No. 3:09-cv-0357, and *Humanik v. Ciavarella*, No. 3:09-cv-0630. These suits have all been consolidated under civil action number 3:09-cv-0286 by this Court's Case Management Order of May 14, 2009. The factual background of the underlying consolidated

case can be found in *Wallace v. Powell*, No. 3:09-cv-0286, 2009 WL 4051974 (M.D. Pa. Nov. 20, 2009). This opinion will only relate the facts necessary for an understanding of the current declaratory judgment suit.

There are two complaints in the underlying suit, the Master Individual Complaint ("MIC") and the Master Class Action Complaint ("MCAC"). The MIC alleges that MAYS was an entity responsible for operating juvenile detention facilities, and that Powell is "an owner, officer, shareholder, and operator" of MAYS. MAYS and Powell were part of a conspiracy in which two Luzerne County judges received kickbacks for maintaining a high rate of occupancy in the juvenile detention facilities run by Powell and managed by MAYS. As part of this conspiracy, the judges would often violate the civil rights of the juveniles appearing before them by denying them right to counsel and ensuring disproportionately large sentences, among other things. The MIC charges Powell and MAYS with Violation of the RICO Act (Count I), Conspiracy to Violate the RICO Act (Count II), Deprivation of Substantive and Procedural Due Process pursuant to 42 U.S.C. § 1983 (Count III), Deprivation of Rights Pursuant to 42 U.S.C. § 1983 (Count IV), Deprivation of Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count V), Civil Conspiracy (Count VIII), and False Imprisonment (Count IX).

The MCAC alleges that Powell was the owner of MAYS. The factual allegations that make up the MCAC are, for the purposes of this motion, very similar to those in the MIC. The claims against MAYS and Powell in the MCAC are Conspiracy to Violate Plaintiffs' Right to an Impartial Tribunal Guaranteed by the Fifth, Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983) (Count II), Conspiracy to Deprive Youth of Their Right to Counsel an/or Knowing, Intelligent, and Voluntary Guilty Plea in violation of the Fifth, Sixth and Fourteenth

2

Amendments, pursuant to 42 U.S.C. § 1983 (Count IV), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(c) (Count V), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(b) (Count VI), Civil RICO Act violations pursuant to 18 U.S.C. § 1962(d) (Count VII), and Wrongful Imprisonment (Count IX).

## B.     The Colony Policy

MAYS took out a Liability Insurance Policy with Colony that became effective on May 24, 2008. There are three policy sections that are potentially pertinent to this case. The first is the "Bodily Injury and Property Damage Liability" in Coverage A, which provides that Colony "will have the right and duty to defend the insured" against any suit seeking damages for "bodily injury" or "property damage." Bodily injury is defined as "sickness disease, assault, battery, or mental anguish or 'damages' claimed by any person or organization for care, loss of services or death resulting from any of these at any time." However the bodily injury coverage only applies if the "'bodily injury' . . . is caused by an "occurrence" that takes place in the 'coverage territory.'" Occurrence is defined as "[a]n accident, including continuous or repeated exposure to substantially the same general harmful conditions." Thus, in order for the coverage to apply, the bodily injury must have been the result of an accident.

Also at play is Coverage B, which provides coverage for "Personal and Advertising Injury Liability." This coverage gives Colony the right and duty to defend MAYS in suits that claim damages for "personal and advertising injury." For the purposes of this case, personal and advertising injury includes false arrest, detention or imprisonment and malicious prosecution. However, Coverage B excludes acts that are a "knowing violation of [the] rights of another." Under this policy exclusion, the insurance coverage does not apply to any "'personal and advertising injury' caused by or at the direction of the insured with the

3

knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"

Finally, Coverage D provides insurance protection for "Professional Liability." This Coverage applies to "wrongful act(s)," which are defined as a) breach of duty, b) neglect, error, misstatement, misleading statement, omission or act, or c) violation of civil rights. Like Coverage A, Coverage D only gives Colony the right and duty to defend a suit that is the result of a "wrongful act" that is caused by an "occurrence."

### C. Procedural History

After the underlying suit was filed, MAYS provided Colony with notice of the suit and requested that Colony defend MAYS. Colony agreed to provide a defense to Powell and MAYS subject to a full reservation of rights, but advised MAYS that Colony does not believe that there is coverage for the underlying suit. On September 14, 2009, Colony filed the Complaint in the instant suit, seeking a Declaratory Judgement that it owes MAYS and Powell neither a duty to defend nor a duty to indemnify. MAYS filed a motion to dismiss on December 4, 2009. On March 9, 2009, this Court denied the motion to dismiss, holding that 1) Coverages A and D did not apply to the allegations in the underlying suit because the actions alleged against MAYS and Powell were not the result of an "occurrence" as defined in the policy, 2) Coverage B did not apply because the allegations in the underlying suit fell within the policy exception for "knowing violation of [the] rights of another," and 3) the duty to indemnify claim could not be decided at that time.

On March 23, 2010, Defendant MAYS filed its Answer and a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant Powell filed his Answer on April 19, 2010. On April 20, 2010, Plaintiff filed a Cross-Motion for Judgment on the Pleadings

4

against both Defendant MAYS and Defendant Powell. These motions have been fully briefed and are currently ripe for disposition.

## **LEGAL STANDARD**

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed, any party may move for judgment on the pleadings. A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367. A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner. *See id.* at § 1369.

In deciding a motion for judgment on the pleadings, a court must consider the facts alleged in the pleadings and the inferences drawn from these facts in the light most favorable to the nonmoving party. *See Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery County,* 271 F.3d 140, 144-45 (3d Cir. 2001); *McCoy v. Southeastern Pa. Transp. Auth.,* No. 01-5881, 2002 WL 376913 at *1 (E.D. Pa. 2002). The motion may only be granted if there are no factual allegations in the pleadings which, if proven, would allow the nonmoving party to recover. *See Oxford Assocs.*, 271 F.3d at 144-45; *McCoy,* 2002 WL 376913 at *1.

## **DISCUSSION**

In cases regarding an insurer's duty to defend, the court must compare the coverage

available under the policy with the factual allegations contained in the four corners of the underlying complaint. *Whole Enchilada, Inc. v. Travelers Property Casualty Co. of America*, 581 F. Supp.2d 677, 694 (W.D. Pa. 2008). The underlying complaints and the policy are the same as those considered in this Court's Memorandum and Opinion of March 9, 2010.

### A. Coverages A and D

In *Nationwide Mutual Fire Ins. Co. v. Pipher*, 140 F.3d 222, 226 (3d Cir. 1998), the Third Circuit Court of Appeals held that whether the underlying injury for which the insured seeks defense is an accident "must be determined *from the perspective of the insured* and not from the viewpoint of the person who committed the injurious act." Thus, when the injury or damage is directly attributable to the intentional act of a third party as well as the negligence of the insured, it is an occurrence or accident that will require the insurer to defend its insured. *Id.* at 228. The *Pipher* court held "that the insurer is obligated to defend under such policy . . . when the complaint alleges the insured's negligence." *Id*.

In *Pipher*, the Third Circuit Court of Appeals clarified lingering uncertainty that had been caused by a Pennsylvania state court case, *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 548 A.2d 246 (1988). In *Gene's Restaurant*, the complaint alleged that the injured party was a patron in the defendant-insured's restaurant who had been violently assaulted, causing damages; notably, the complaint contained no allegations of negligence on the part of the insured. 548 A.2d at 247; *see also Pipher*, 140 F.3d at 224. The Third Circuit Court of Appeals "believe[d] the holding in *Gene's Restaurant* was narrow and predicated on the well-established rule of insurance law that an insurer's duty to defend an action brought against its insured is to be determined solely by the allegations contained in the plaintiff's

pleadings." *Pipher*, 140 F.3d at 225. Therefore, because the complaint alleged only intentional acts and no allegations of negligence, "the *Gene's Restaurant* court came to the unremarkable conclusion that an intentional tort was not an accident and thus not a covered occurrence under the policy." *Id.*

In this Court's previous opinion in this case, it held that

> This case is more like *Gene's Restaurant* than *Pipher*. There are no allegations of negligence against either MAYS or Powell. Instead, both the MIC and MCAC allege intentional conspiratorial activity on the part of the underlying defendants, including MAYS and Powell. The underlying complaints allege that MAYS and Powell were malicious, reckless, and/or wanton, but do not allege in any way that MAYS and Powell were negligent. Reckless, malicious, or purposeful conspiratorial activities are not "negligent" and cannot be considered "accidents" under the plain language of an occurrence-based insurance policy, like the one at bar.

*Colony Ins. Co. v. Mid-Atlantic Youth Services Corp.*, No. 3:09-CV-1773, 2010 WL 817703, at *5 (M.D. Pa. Mar. 9, 2010).

As noted above, the underlying complaints and policy at issue have remained the same and this Court's reasoning from its previous opinion applies with equal force at this time. In fact, this Court has reenforced this reasoning in a subsequent case that relied on the March 9, 2010 opinion. *See London v. PA Child Care*, No. 3:09-CV-2256, 2010 WL 1507103, at *5 (M.D. Pa. Apr. 14, 2010) (holding other defendants in underlying case not covered under similar "occurrence" policy). The underlying complaints allege that both Defendant MAYS and Defendant Powell committed intentional acts, not that they were negligent. Thus, the allegations in the underlying complaints were not the result of an "occurrence" as defined by the policy at bar or the caselaw in this circuit. Therefore, Plaintiff does not have a duty to defend its insured in this instance. Plaintiff's motion will be granted and Defendant's motion will be denied on this ground.

7

### B. Coverage B

With respect to Coverage B, this Court held in its previous opinion that:

> Even reading the knowing violation exclusion strictly against Colony, the underlying complaints clearly allege that MAYS and Powell were part of a conspiracy in which they committed false imprisonment of the underlying plaintiff (sic) with the knowledge that their detention had been procured by violating the constitutional rights of the plaintiffs. It is alleged that MAYS and Powell knew of these deprivations because it was part of the scheme, funded by their kickbacks, to facilitate detention of the juveniles in the facilities owned by Powell and managed by MAYS. Even though the MIC and MCAC make out claims for false imprisonment that would otherwise fall under the protection of Coverage B, the alleged knowing violation of the underlying plaintiffs' rights trigger the "knowing violation" exclusion and strip Colony of its duty to defend against the allegations in the underlying complaints.

*Colony*, 2010 WL 817703, at *6 (M.D. Pa. Mar. 9, 2010).

In this case, the underlying complaints allege that the false imprisonment engaged in by Defendants MAYS and Powell was done with the knowledge that their actions were violating the constitutional rights of the underlying plaintiffs. As such, the facts alleged in the underlying lawsuit fall within the "knowing violation" exclusion to Coverage B, and Colony does not have a duty to defend Defendants MAYS or Powell. Therefore, Plaintiff's motion will be granted and Defendant's motion will be denied on this ground as well.

### C. Duty to Indemnify

Because the duty to indemnify is narrower than the duty to defend, it follows that any time there is no duty to defend, there is no duty to indemnify. *See Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 (3d Cir. 1994). Therefore, as this Court holds that Colony does not have a duty to defend in the underlying suit, it likewise does not have a duty to indemnify. Plaintiff's motion will be granted on this count and Defendant MAYS' motion will be denied.

**CONCLUSION**

For the foregoing reasons, Defendant MAYS' Motion for Judgment on the Pleadings will be denied and Plaintiff's Motion for Judgment on the Pleadings will be granted. An appropriate order follows.


May 24, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1773 |
| v. | (JUDGE CAPUTO) |
| MID-ATLANTIC YOUTH SERVICES CORP. and ROBERT J. POWELL, | |
| Defendants. | |

## ORDER

**NOW**, this  24th  day of May, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendant MAYS' Motion for Judgment on the Pleadings (Doc. 33) is **DENIED**.

(2) Plaintiff's Cross-Motion for Judgment on the Pleadings (Doc. 38) is **GRANTED**.

(3) **JUDGMENT IS ENTERED** in favor of Plaintiff.

(4) The Clerk of Court shall mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge